UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| TOWN OF DAVIE POLICE OFFICERS RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:11-cv-00303-AJT-TCB |
| | ) | CLASS ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSETTA STONE, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF TOWN OF DAVIE POLICE OFFICERS RETIREMENT SYSTEM'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL**

Plaintiff Town of Davie Police Officers Retirement System (the "Town of Davie"),

respectfully submits this Memorandum of Law in support of its motion for: (1) appointment as lead

plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C.

§78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins

Geller") as lead counsel and Law Offices of Craig C. Reilly ("Reilly") as liaison counsel pursuant to

the PSLRA.

**I.      STATEMENT OF THE NATURE OF THE MATTER BEFORE
THE COURT**

This securities fraud class action was filed on March 24, 2011, on behalf of persons who

purchased the common stock of Rosetta Stone, Inc. ("Rosetta Stone" or the "Company") between

February 25, 2010 and March 1, 2011, inclusive (the "Class Period").

- 1 -

Under the PSLRA, the Court is to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Town of Davie should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, the Town of Davie's selection of Robbins Geller as lead counsel and Reilly as liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as lead counsel. *See, e.g.*, *In re Krispy Kreme Doughnuts, Sec. Litig.*, No. 1:04CV00416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing Robbins Geller lawyers as lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests"). Predecessor firms of Robbins Geller, moreover, have been approved as lead counsel in actions in this Court, and Reilly as served as co-lead or liaison counsel in several securities class actions in this Court, as well.

## II.    STATEMENT OF FACTS

Rosetta Stone develops, markets, and sells language learning solutions in approximately 31 languages worldwide and maintains its corporate headquarters in Arlington, Virginia.

The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges: (a) that Rosetta Stone was facing intense competition for its products during the Class Period, including free competitive product offerings; (b) that the free and lower priced competitive product offerings, not a temporary reduction in advertising, was having a

material adverse effect on the Company's Class Period revenues, particularly U.S. consumer revenues; (c) that the favorable sales booking numbers Rosetta Stone reported during the Class Period was the result of key retail partners maintaining inventory of the Company's products well above historic levels; (d) that Rosetta Stone's reported sales bookings and revenues during the Class Period were the product of manipulation; and (e) that, based on the foregoing, defendants lacked a reasonable basis for their positive statements about Rosetta Stone's revenues, sales bookings, unit volume, new product introductions and advertising.

On February 28, 2011, the last day of the Class Period, Rosetta Stone issued a press release announcing its results for the fourth quarter and year ended December 31, 2010.  For the quarter, the Company reported revenue of $74.3 million, a 5% decrease from the prior year period, net income on a Generally Accepted Accounting Principles basis of $5.0 million, or $0.23 per share, a decrease of 60% from the 2009 fourth quarter. On this news, shares of the Company's stock fell $1.77 per share, or almost 12%, to close at $13.19 per share, on extremely heavy trading volume.

III.    **ARGUMENT**

A.    **The Town of Davie Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Securities and Exchange Act of 1934 (the "Exchange Act") that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(i); *see generally In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000) (explaining procedure).  As is shown below, the Town of Davie should be appointed as lead plaintiff.

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire* on March 24, 2011.  *See* Declaration of Craig C. Reilly in Support of Town of Davie Police Officers

Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of

Counsel ("Reilly Decl."), Ex. A.  Within 60 days after publication of the notice, any person who is a

member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not

they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court

shall consider any motion made by a class member and shall appoint as lead plaintiff the member or

members of the class that the court determines to be most capable of adequately representing the

interests of class members.   15 U.S.C. §78u-4(a)(3)(B).   In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private
> action arising under this [Act] is the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to a
>> notice . . .;
>>
>> (bb) in the determination of the court, has the largest financial interest
>> in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
>> Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1.      The Town of Davie Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this

matter must do so by May 23, 2011.  15 U.S.C. §78u-4(a)(3)(A)(II).  Pursuant to the provisions of

the PSLRA and within the requisite time frame after publication of the required notice, the Town of

Davie hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all

members of the class.

625566_1

### 2.     The Town of Davie Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the Town of Davie suffered a loss of over $25,000 based on purchases of 3,807 shares at a cost of over $76,900.  Reilly Decl., Exs. A,B.  Accordingly, upon information and belief, the Town of Davie has the largest financial interest in the outcome of this litigation.  15 U.S.C. §78u-4(a)(3)(B).

### 3.     The Town of Davie Otherwise Satisfies Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *See MicroStrategy*, 110 F. Supp. 2d at 435-36; *accord In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).  This factor is easily satisfied here.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001).  Typicality does not require that there be no

factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted). The court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (citation omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Town of Davie satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Rosetta Stone securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the Town of Davie's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, the Town of Davie is an adequate representative of the class because its interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the

625566_1

market.   There is no antagonism between the Town of Davie's interests and those of the other members of the class.   Moreover, the Town of Davie is precisely the type of institutional investor Congress sought to encourage to lead securities cases like this one when it passed the PSLRA. *Cendant*, 264 F.3d at 243-44 ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs.") (citing S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief is the 'most adequate plaintiff'.")).

In addition, as demonstrated below, the Town of Davie's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.   Thus, the Town of Davie *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**B.      The Town of Davie's Selection of Lead and Liaison Counsel
          Should Be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Town of Davie, as the presumptively most adequate plaintiff, has selected Robbins Geller to serve as lead counsel and Reilly to serve as liaison counsel, subject to this Court's approval.   Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.   Robbins Geller has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).   *See also* Reilly Decl., Ex. D.   Both firms have served as

625566_1

class counsel in this Court, and have successfully worked together as lead and liaison counsel as

well.  Their selection as lead and liaison counsel for the class should be approved.

## IV.    CONCLUSION

For the foregoing reasons, the Town of Davie respectfully requests the Court appoint it as

Lead Plaintiff in the consolidated action pursuant to 15 U.S.C. §78u-4(a)(3)(B), and approve its

selection of Robbins Geller as Lead Counsel and Reilly as Liaison Counsel.

DATED:  May 23, 2011                        Respectfully submitted,


/s/ Craig C. Reilly
CRAIG C. REILLY, ESQ.
VSB # 20942
111 Oronoco Street
Alexandria, VA  22314
TEL: 703/549-5354
FAX: 703/549-2604
EMAIL:  craig.reilly@ccreillylaw.com
*Counsel for Plaintiff*

*Of Counsel for Plaintiff*:

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
Email:  srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
Email:  darrenr@rgrdlaw.com
Email:  triciam@rgrdlaw.com

- 9 -

KLAUSNER & KAUFMAN, P.A.
ROBERT KLAUSNER
10059 Northwest 1st Court
Plantation, FL  33324
Telephone:  954/916-1202
954/916-1232 (fax)

*Additional Counsel for Plaintiff*

625566_1

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2011, I authorized the electronic filing of the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

e-mail address of counsel of record for defendants listed below:

Robert T. Cahill, Esq.
Erin M. Watkins, Esq.
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
rcahill@cooley.com
ewatkins@cooley.com

/s/ CRAIG C. REILLY, ESQ.
CRAIG C. REILLY, ESQ.
VSB # 20942
111 Oronoco Street
Alexandria, VA  22314
TEL: 703/549-5354
FAX: 703/549-2604
EMAIL:  craig.reilly@ccreillylaw.com
*Counsel for Plaintiff*

Case 1:11-cv-00303-AJT -TCB   Document 15   Filed 05/23/11   Page 11 of 11

# Mailing Information for a Case 1:11-cv-00303-AJT -TCB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert T. Cahill**
  rcahill@cooley.com,slappin@cooley.com,ewatkins@cooley.com,ebolton@cooley.com

- **Craig Crandall Reilly**
  craig.reilly@ccreillylaw.com,e_file_ny@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)